IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAWNA KEISER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HP INC.,<br><br>    Defendant. | No. 1:22-cv-04457 |

## NOTICE OF REMOVAL

Defendant HP Inc. (hereinafter "HP"), hereby removes to this Court the action originally commenced on July 8, 2022, in the Circuit Court of Illinois for the County of Cook, County Department, Chancery Division, entitled *Keiser v. HP Inc.*, Case No. 2022CH06588 ("Circuit Court Action"). This removal is made pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## STATEMENT OF THE CASE

1. This is a civil action asserting claims under the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et seq., for which this Court has original jurisdiction under 28 U.S.C. § 1331 and 1332(d), and which may be removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

2. Plaintiff has brought this action as a putative class action purportedly on behalf of "[a]ll citizens of Illinois who owned a product subject to Defendant's Warranty within the Class Period." Compl., ¶ 50.

3. As explained below, this Court has original jurisdiction over this action pursuant to 15 U.S.C. § 2310(d)(1)(A) and 28 U.S.C. § 1332(d), based upon the diversity of citizenship, the

number of proposed class members, and the amount-in-controversy requirements applicable to class actions. The diversity-of-citizenship requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied because at least one member of the putative Plaintiff class is a citizen of a State different from at least one Defendant. The requirement of 28 U.S.C. § 1332(d)(5)(B) is satisfied because there are more than 100 members of the proposed class. The amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2) is satisfied because the aggregate alleged claims of the individual members of the putative class exceed the sum or value of $5,000,000, exclusive of interest and costs.

**BASIS FOR REMOVAL**

4. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 2310(d)(1)(A), 28 U.S.C. §§ 1332, 1441, and 1446 and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 199 Stat. 4 (2005).[1]

5. The MMWA provides two possible jurisdictional bases for a private right of action. Under 15 U.S.C. § 2310(d)(1)(A) ("Section 2310(d)(1)(A)"), an action may proceed in "any court of competent jurisdiction in any State or the District of Columbia." Alternatively, under 15 U.S.C. § 2310(d)(1)(B) ("Section 2310(d)(1)(B)"), an action may proceed in federal court where: (1) the amount of any individual claim is more than $25, (2) the amount in controversy is more than $50,000, and (c) there are at least 100 named plaintiffs. Following this structure of the MMWA, federal courts may exercise jurisdiction over MMWA claims under Section 2310(d)(1)(A), regardless of whether the requirements for Section 2310(d)(1)(B) jurisdiction are met.

6. In this vein, courts have repeatedly held that, where Section 2310(d)(1)(B) requirements have not been met, CAFA "provides an alternate basis by which federal courts" may

---

[1] The Class Action Fairness Act of 2005 is codified in 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.

have jurisdiction over putative class actions involving claims under the MMWA. *Clark v. Wynn's Extended Care*, 2007 U.S. Dist. LEXIS 27386, *13-15 (N.D. Ill. Mar. 23, 2007) (denying Rule 12(b)(1) motion where CAFA jurisdiction applied to MMWA claims); *see also Chavis v. Fidelity Warranty Servs.*, Inc. 415 F. Supp. 2d 620, 626 (D.S.C. 2006) (holding that CAFA jurisdiction extended to MMWA class action even though requirements of Section 2310(d)(1)(B) were not met); *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283 (S.D.N.Y. 2015) (holding that, when "as here, the jurisdictional prerequisites of CAFA are satisfied, [a federal court] may exercise subject matter jurisdiction over a claim under the MMWA without regard for whether the jurisdictional prerequisites of that statute are also met"); *see also Dack v. Volkswagen Grp. of Am.*, 565 F. Supp. 3d 1135, 1143 (W.D. Mo. 2021) ("[T]his Court finds Plaintiffs are not required satisfy the MMWA's requirements in light of this Court's jurisdiction under CAFA.").

7. Under CAFA, a district court has original jurisdiction over any class action in which: (1) the amount in controversy exceeds $5,000,000; (2) there is minimal diversity, *i.e.*, any member of a class of plaintiffs is a citizen of a State different from any defendant; and (3) the number of members of all proposed plaintiff classes in the aggregate is greater than 100. 28 U.S.C. §§ 1332(d)(2), (d)(5).

8. Here, the Court has jurisdiction under Section 2310(d)(1)(A) because it is a court in the State of Illinois with competent jurisdiction under CAFA.

I. **THERE IS MINIMAL DIVERSITY.**

9. This action meets the CAFA minimal-diversity requirement. The named Plaintiff, Shawna Keiser, is, and at all relevant times was, a resident of Cook County, Illinois. Compl., ¶ 9. Moreover, Plaintiff purports to represent a class of "citizens of Illinois." *Id.*, ¶ 50.

10. HP is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in Palo Alto, California. HP is therefore a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1).

11. The requisite minimal diversity of citizenship exists, pursuant to 28 U.S.C. § 1332(d)(2)(A), because at least one member of the putative plaintiff class is a citizen of a State different from HP. In particular, based on Plaintiff's citizenship, at least one member of the putative plaintiff class is neither a citizen of California nor Delaware and is a citizen of Illinois.

**II.     THE PROPOSED CLASS CONSISTS OF MORE THAN 100 MEMBERS.**

12. The number of members of the proposed putative classes is greater than 100. The Complaint alleges that Plaintiff is a member of a proposed class of "[a]ll citizens of Illinois who owned a product subject to Defendant's Warranty within the Class Period." Compl., ¶ 50. Records of HP's sales indicate it shipped thousands of orders of product subject to the warranty to more than 100 customers in Illinois between July 8, 2021, and August 22, 2022. It is implausible that 100 or less people purchased thousands of product orders during the class period. Accordingly, the Complaint alleges the aggregate number of putative class members is greater than 100 persons, as required by 28 U.S.C. § 1332(d)(5)(B).

**III.    THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000.**

13. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6); *see also, e.g.*, *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013). While HP denies the claims alleged in Plaintiff's Complaint and further denies that Plaintiff, or any putative class member, is entitled to monetary (or other) relief, the amount placed in controversy by Plaintiff's Complaint satisfies the jurisdictional threshold, as explained below.

14. Plaintiff seeks, among other relief, "injunctive relief and corresponding declaratory relief." Compl., ¶ 71. The amount in controversy is calculated by aggregating the claims of the individual class members, including the value of any declaratory or injunctive relief sought. 28 U.S.C. § 1332(d)(6); *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274-275 (7th Cir. 2011) (including value of prospective injunctive relief in amount-in-controversy analysis under CAFA and reversing district court's decision to remand); *Uhl v. Thoroughbred Tech. & Telecomms.*, 309 F.3d 978, 983 (7th Cir. 2002) ("it is established that the jurisdictional amount should be assessed looking at either the benefit to the plaintiff or the cost to the defendant of the requested relief – the so-called 'either viewpoint' rule"); *Abraham v. State Farm Mut. Auto. Ins. Co.,* 2020 U.S. Dist. LEXIS 107522 at *8-9 (N.D. Ill. Mar. 24, 2020) (where plaintiff seeks injunctive relief, the amount in controversy is measured "'by the value of the object of the litigation'") (citing *Johnson v. Hunt*, 2015 U.S. Dist. LEXIS 67874, 2015 WL 3396798, at *4 (N.D. Ill. May 25, 2015)). Any statutory attorneys' fees are also properly included in determining this jurisdictional amount. *Faltermeier v. FCA US LLC*, 899 F.3d 617, 621 (8th Cir. 2018).

15. The aggregate value of relief sought in this case exceeds $5,000,000. By this action, Plaintiff seeks to force Defendant to remove the warranty provisions identified in the Complaint as allegedly violating the MMWA's anti-tying provisions. Compl., ¶ 71. Plaintiff alleges that Defendant is improperly restricting the limited warranty on its laptops by prohibiting self- or third-party repairs. Plaintiff contends that Defendant deems the warranties void if a consumer attempts self-repair or has a third party repair an HP laptop. In other words, HP allegedly refuses to repair or replace laptops in violation of the MMWA. The full replacement value of the laptops, which is the sales price for the laptops, thus constitutes the value to the putative class of the right sought to be enforced. *See Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 930 (8th

5

Cir. 2008) ("the amount in controversy is measured by the value of the underlying claim"); *Keeling,* 650 F. 3d at 274-274 (analyzing the cost to defendant of compliance with injunction, which could result in a financial loss from eliminating revenue source for 20 years).

16. Records of HP's sales between July 8, 2021, and August 22, 2022, indicate it shipped thousands of orders of products subject to the warranty to more than 100 customers in Illinois. These sales exceeded $5,000,000. Therefore, even before any statutory attorney fees are taken into account (which fees may exceed $1,000,000 and are also included in amount-in-controversy analyses), the amount placed in controversy exceeds the jurisdictional minimum of $5,000,000. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

**IV.    ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.**

17. <u>Removal to Proper Court</u>. Pursuant to 28 U.S.C. section 1446(a), HP is filing this Notice of Removal in the United States District Court for the Northern District of Illinois, which is the federal district encompassing the circuit court where the Circuit Court Action is pending, which is the Circuit Court of the State of Illinois for the County of Cook.

18. <u>Removal is Timely</u>. This action has been removed in accordance with the requirements of 28 U.S.C. § 1446(b). On July 8, 2022, Plaintiff filed a putative class action in the Circuit Court of Cook County, in the State of Illinois, and it was served on HP on July 22, 2022. This Notice has been filed timely pursuant to 28 U.S.C. §§ 1446(a) and 1453(b).

19. <u>Pleadings and Process</u>. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all of process, pleadings and orders served upon HP in the Circuit Court Action are attached as exhibits hereto.

20. <u>HP's Consent to Removal Sufficient</u>. HP is the only defendant named in this action. Therefore, no further consent is required. 28 U.S.C. § 1453(b) (class action may be removed by any defendant under CAFA).

21. <u>Notice</u>. Written notice of the filing of this Notice of Removal will be promptly served upon counsel for Plaintiff. HP also will promptly file a copy of this Notice with the Clerk of the Circuit Court of Illinois, County of Cook.

## CONCLUSION

By this Notice of Removal and the associated attachments, HP does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. HP intends no admission of fact, law or liability by this Notice, and it expressly reserves all defenses, motions and/or pleas. HP prays that the Circuit Court Action be removed to this Court, that all further proceedings in the circuit court be stayed, and that HP receive all additional relief to which it is entitled.


Dated: August 22, 2022               Respectfully submitted,

                                      /s/ *Suyash Agrawal*
                                     Suyash Agrawal
                                     Caitlin A. Kovacs
                                     MASSEY & GAIL LLP
                                     50 E. Washington Street – Suite 400
                                     Chicago, Illinois 60602
                                     (312) 283-1590 main
                                     sagrawal@masseygail.com
                                     ckovacs@masseygail.com

                                                   Hunter R. Eley (pro hac vice forthcoming)
Connie Tcheng (pro hac vice forthcoming)
Lloyd Vu (pro hac vice forthcoming)
DOLL AMIR & ELEY LLP
725 S. Figueroa St., Suite 3275
Los Angeles, CA 90017
(213) 542-3380 main
heley@dollamir.com
ctcheng@dollamir.com
lvu@dollamir.com

*Attorneys for Defendant, HP Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2022, I electronically filed the foregoing, with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that service will be accomplished by the CM/ECF system, as well as by email on the following:

J. Dominick Larry
NICK LARRY LAW LLC
1720 W. Division St.
Chicago, IL 60622
(773) 694-4669
nick@nicklarry.com

*Attorney for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Suyash Agrawal*